Mumma, *et al. vs.* Brinton, *et al.*

(Decided 15th March, 1893.)

---

JOHN D. MUMMA, SARAH WILKINSON and ROBERT WILKINSON, her husband *vs.* ALBAN H. BRINTON, MARY E. BRINTON, and others.

*Sale of Land of Infants — Procedure — Investment of Proceeds.*

A bill was filed for the sale of land of certain infants, by J. one of the infants, by his next friend, alleging that it would be for the benefit and advantage of said infants that a decree be passed for the sale of said land, and for the investment of the proceeds. The prayer of the bill was for the sale of the property, distribution of the proceeds according to law, and for general relief. All the infants, including J., were made defendants, were duly summoned, and all answered by guardian. Testimony was taken showing that the land was not susceptible of division

among the parties without loss or injury, and that it would be for their benefit and advantage that it should be sold. A decree for sale was passed, and the property was sold. HELD :

1st. That under section 36 of Article 16 of the Code of 1860, which provides for the sale of property of infants if such sale be for their benefit and advantage, and section 37 which provides that a decree for sale may pass upon the petition of the guardian or *prochein ami* of such infants, and the appearance and answer of such infants by guardian to be appointed, such decree was valid.

2nd. That the fact that the bill was filed by only one of the infants, did not invalidate the decree, inasmuch as all the infants were summoned, duly appeared, and answered by guardian.

3rd. That the decree was not rendered invalid by the fact that the bill asked for a distribution of the proceeds of sale according to law, and did not ask for an investment, as provided by section 45 of Article 16 of the Code, requiring such proceeds to be invested for the benefit of the infants under the order of the Court.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, and BRISCOE, J.

*John F. Gontrum,* and *Samuel S. Field,* (with whom was *Samuel Regester,* on the brief,) for the appellants.

*Daniel L. Brinton,* (with whom was *Edward D. Fitzgerald,* on the brief,) for the appellees.

FOWLER, J., delivered the opinion of the Court.

The appellants sued the appellees in ejectment to recover a piece of property in Baltimore City.

The case was tried before the Court without a jury, and during the course of the trial the defendants, for the purpose of showing title in themselves, offered in

evidence the record of the proceedings in a cause in chancery. The plaintiffs objected to the introduction of this record in evidence, and asked the Court to rule that neither the decree nor any of the proceedings were admissible for the purpose for which they were offered. This objection was overruled and the testimony admitted, and the judgment being for the defendants, the plaintiffs have appealed.

It will be necessary, therefore, to examine these chancery proceedings in order to ascertain whether the Circuit Court of Baltimore City had jurisdiction of the parties and the subject-matter, for if so, none of the alleged irregularities will nullify the decree under which the appellees claim.

The bill or petition was filed in the year 1867 by John D. Mumma, an infant, by his next friend. It alleged that John D., Susan and Sarah Mumma, all infants, were seized of the lot of ground in question, as tenants in common, subject to the right of dower in the same of their mother; that it will be for the benefit and advantage of said infants that a decree be passed for the sale of said lot, and for the investment of the proceeds in some productive fund for their benefit. The prayer is for the sale of the property, distribution of the proceeds, *according to law*, and for general relief. All the infants, including John D. Mumma, in whose name alone the petition appears to have been filed, were made defendants, and duly summoned. They all answered the petition by guardian *ad litem*, duly appointed or assigned as then authorized by law and the general practice. Testimony was taken, and it appears by agreement of counsel that three witnesses testified in effect to the value and extent of the property; that the improvements consisted of a dwelling house which was in bad condition; that the land was not susceptible of division among the parties without loss or injury, and that it would be for the ben-

efit and advantage of the parties that the land should be sold and the proceeds re-invested.

A decree for sale was passed, the property was sold, and the only question presented is, whether this decree is valid and binding. It was contended on the part of the appellants that the power of the Circuit Court to pass the decree, must be found, if it has any legal foundation at all, in section 99, Art. 16 of the Code of 1860.

But we cannot agree to this view. We think, looking at the general frame of the bill, and at its most material allegations it is, and was intended to be, an appeal for the exercise of that salutary power conferred upon Courts of equity by sections 36 and 37 of the Article of the Code just referred to. These sections will be found in our present Code as sections 48 and 49 of Article 16— and section 36 provides for the sale of the property of any kind owned by an infant, if such sale shall be for the benefit and advantage of such infant, and if the provisions of section 37 shall be complied with. Section 37 is as follows: "No decree for sale shall pass under the preceding section, but upon the petition of the guardian or *prochein ami* of such infants, and the appearance and answer of such infants, by guardian to be appointed, &c.  *  *  *" The remainder of the section relates to the quantity and quality of proof required, concerning which in this case there seems to be no question made. By section 45, Art. 16, Code 1860, it is provided that the money arising from such sale shall be invested for the benefit of the infants under the order of the Court. It will be seen, therefore, from the allegations of the bill which we have thus fully set out, that it was filed by the next friend of the infant John D. Mumma; that it alleges that the sale and re-investment would be for the benefit and advantage of the infants. These allegations would seem sufficient to give jurisdiction under the sections referred to, if the parties to be affected were

properly before the Court—unless there is some force in the objections urged by the appellees. In the first place, great stress was laid upon the fact that the petition, or as it is called in this case, the bill, was filed by the next friend of only one of the infants whose property was decreed to be sold. While this is so, it must be remembered that all the infants were summoned, duly appeared and answered by guardian *ad litem*—and if this objection, which was so strenuously urged upon us, is to prevail, the result would be that, notwithstanding it appears that all the infants were properly in Court, and duly answered, and that their interests were carefully guarded, yet not only is the decree to be declared void, but, according to the contention of the appellants, the appellees would be deprived of their property, because the names of two of the infants were not used as plaintiffs as well as defendants. We cannot adopt such a narrow and technical construction. The object of the sections we are considering, was evidently to allow the property of infants to be sold for re-investment only under such safeguards as would provide ample protection to them— and we think they were as fully protected in this case as though their names had been written on both sides of the cause.

It was also objected, that the decree could not be maintained under the sections above mentioned, because the prayer of the bill did not ask for an investment, but did ask for distribution.

The bill did, however, specifically *allege*, that both a sale and an investment would be for the benefit and advantage of all the infants. And this allegation was very appropriate under the assumption that relief was sought under sections 36 and 37. The inappropriate prayer, as to distribution, if it be such, "will not vitiate averments which confer jurisdiction, or affect a prayer for general relief, which always justifies the ultimate

Central Trust Co. *vs.* Arctic Ice Machine Manuf'g Co.

action of the Court thereupon, in pursuance of the case made by the bill." *Tomlinson, et al. vs. McKaig, et al.,* 5 *Gill,* 276. Nor does it follow that the proceeds of sale were not intended to be invested, because the prayer was that they should be distributed *according to law,* and such a distribution must, therefore, have been followed by and made for the purpose of the investment provided for in section forty-five.

Without undertaking to lay down any general rule to regulate proceedings to sell infants' property for investment, under the sections we have been considering, we are of opinion, that the decree assailed here is valid and binding, and it follows that the rulings of the Court below will be affirmed.

*Judgment affirmed, with costs.*

(Decided 15th March, 1893.)